E-FILED
Wednesday, 10 August, 2005  08:32:12 AM
Clerk, U.S. District Court, ILCD

FILED

JUN 24 2005

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINC
EAST ST. LOUIS OFFICE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

Micah Yarborough                         )
                                         )
_____  )
                                         )          05-1231
**(Full name under which you were convicted)** )
                                         )        05 - 453-GPM
R34632                                   )
**(Prison Number)**                      )   Docket No._____
                                         )        **(To be supplied by Clerk)**
Vandalia Correctional Center             )
**(Place of Confinement)**               )

---

## PETITION FOR WRIT OF HABEAS CORPUS
### PURSUANT TO 28 U.S.C. §2254
### BY A PERSON IN STATE CUSTODY

---

Micah Yarborough_____, **Petitioner**
**(Full name under which you were convicted)**

**vs.**

Steven M. Mensing_____, **Respondent**
**(Name of Warden, Superintendent, Jailor, or
authorized person having custody of petitioner),**

**and  (when applicable)**

**The Attorney General of the State of**
Illinois

Rev. 8/96



by a letter is a separate ground for possible relief. YOU MAY RAISE ANY ADDITIONAL
GROUND(S). **However, you should raise in this Petition all available grounds
(relating to this conviction) on which you base your allegations that you are being held
in custody unlawfully.**

Do not check any of the listed grounds. If you select one or more of these grounds for relief
or any other ground(s), you must allege **FACTS.** The Petition may be returned to you if you
merely check the ground(s) listed below.

a)   Conviction obtained by plea of guilty which was unlawfully induced or not made
     voluntarily or with understanding of the nature of the charge and consequences of
     the plea.

b)   Conviction obtained by used of coerced confession.

c)   Conviction obtained by use of evidence gained pursuant to an unlawful arrest.

d)   Conviction obtained by a violation of the privilege against self-incrimination.

e)   Conviction obtained by the unconstitutional failure of the prosecution to disclose to
     the defendant evidence favorable to the defendant.

f)   Conviction obtained by a violation of the protection against double jeopardy.

g)   Conviction obtained by action of a grand or petit jury which was unconstitutionally
     selected and impaneled.

h)   Denial of effective assistance of counsel.

I)   Denial of right of appeal.

## PETITION

1.  **Institutional
    Address:**        Vandalia Correctional Center
                      P.O. Box 500
                      Vandalia, IL 62471


2.  **Court:**        Name and location of Court in which the conviction you are challenging was
                      obtained:
                      McLean County Circuit Court, 11th Judicial Circuit


3.  **Judge(s):**     Trial Judge          Honorable EliabbebhRRbbb
                      Sentencing Judge        Honorable Elizabeth Robb

**4. Date:** What was the date of your conviction? September 14, 2004

**5. Crime:**   a)   Of what crime(s) were you convicted? Aggravated Domestic Battery

b)   Were you sentenced on more than one count of an indictment, or on more than one indictment in the same court at the same time?
Yes ( )        No (x)

If yes, explain:_____

**6. Lawyer:**   Who was your lawyer?
a)   At preliminary hearing    Lee Ann S. Hill

b)   At arraignment and plea    Lee Ann S. Hill

c)   At trial _____    Lee Ann S. Hill

d)   At sentencing _____ Lee Ann S. Hill

e)   On direct appeal_____ Not Applicable

f)   In any post-conviction proceeding    Not Applicable

g)   On appeal from any adverse ruling in a post-conviction proceedings_____
Not Applicable

**7. Plea:**   a)   What your conviction a result of a guilty plea or plea of nolo contendere?
(Check one)
X  Yes, guilty plea
___ Yes, nolo contendere
___ No

b)   What was the date of your plea? 08/14/04 .

c)   If you pleaded guilty to one count or one indictment, and pleaded not guilty or nolo contendere to another, give details:_____

**8.    Sentence:**    What was your sentence?  Four and One Half Years _____

_____

_____

**9.    Trial:**    **a)**    What kind of trial?
                        _____ Jury        XXXXX  Judge without a jury

            **b)**    Did you testify at the trial?  __ Yes  X_ No

**10.    Appeal(s):**    **a)**    Did you appeal your criminal conviction?  __ Yes  X No

            **b)**    If you did appeal, answer the following:

                Name and location of Court to which you first appealed_____

                _____

                Date Notice of Appeal was filed_____

                Result _____

                Date of Opinion_____

                Citation of court opinion (if known)_____

                _____

                Ground(s) raised on direct appeal _____

                _____

                _____

                _____

                _____

                _____

                If you did not directly appeal, explain briefly why you did not_Petitioner
                was told by Institution Law Librarians that he should
                immediately file Habeus Corpus, as the violations of his
                rights are constitutional.

            **c)**    Did you attempt to appeal the result to the highest state court having
                jurisdiction?  __ Yes  X No

            **d)**    If you did attempt to appeal to the highest state court, attach a copy of the
                petition or motion you made, and answer the following (or attach a copy of
                the court's opinion or order):

                Name and location of Court_____

                _____

                Date Petition for Leave to Appeal or Notice of Appeal was filed_____

                Result _____

                Date of Opinion_____

Citation of court opinion (if known)_____

Ground(s) raised _____

_____

_____

_____

_____

If you did not appeal to the highest state court, explain briefly why you did not ___The time that is granted for appeal, 6 months, was exhausted in the Habeus Corpus Process, after which Petitioner was informed that he must wait 6 months to file Habeus Corpus.

    e)    Did you seek permission to file a late appeal? __ Yes  X No

**11.**    **Post Conviction Collateral Proceeding(s):**

    a)    Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal:
    X Yes __ No

    b)    If yes, give the following information:

**A.**    First petition, application or motion.

    1)    Name of Court___United States District Court - Northern District

    2)    Date Filed_____

    3)    Nature of Proceeding___Federal Habeus Corpus_____

    4)    Ground(s) Raised____Same Grounds Herein.  Copy of Order allowing refile of this petition is attached._____

_____

_____

_____

- 6 -

5)  Did you receive an evidentiary hearing on your petition, application or motion? __
    __ Yes  _X_ No

6)  Final Result _Order stating Petitioner must file after 6 months._ or after
    _Permission to refile granted, without prejudice._ state remedies exhausted.

7)  Date of Final Result (Attach a copy of the court's opinion or order)_____

8)  If this petition, application, or motion was brought in a state court, did you appeal
    the result to the highest state court having jurisdiction?
    __ Yes  _X_ No

    If you did appeal, give the name of the court where the appeal was filed, the result,
    the case number, citation and date of the court's decision (or attach a copy of the
    court's opinion or order)_____
    _____
    _____
    _____

9)  If you did not appeal, briefly explain why you did not _Upon recieving notification_
    _that Petitioner must wait 6 months, he was only days away from_
    _that time period being exhausted, and no final decision was rendered._
    _Petitioner had no time to prepare a state post conviction_
    _petition before May 14, 2005_

B.  As to any second petition, application or motion, give the following information:

    1)  Name of Court _____
        _____

    2)  Date Filed _____

    3)  Nature of Proceeding_____
        _____

    4)  Ground(s) Raised_____
        _____
        _____
        _____
        _____
        _____

    5)  Did you receive an evidentiary hearing on your petition, application or motion?
        __ Yes  __ No

- 7 -

6)   Final Result_____

7)   Date of Final Result (Attach a copy of the court's opinion or order)_____

8)   If this petition, application, or motion was brought in state court, did you appeal the
     result to the highest state court having jurisdiction?
     ___ Yes  ___ No

     If you did appeal, give the name of the court where the appeal was filed, the result,
     the case number, citation and date of the court's decision (or attach a copy of the
     court's opinion or order)_____
     _____
     _____
     _____

9)   If you did not appeal, briefly explain why you did not_____
     _____
     _____

C.   As to any third petition, application or motion, give the following information:

1)   Name of Court_____
     _____

2)   Date Filed_____

3)   Nature of Proceeding_____
     _____

4)   Ground(s) Raised_____
     _____
     _____
     _____
     _____

5)   Did you receive an evidentiary hearing on your petition, application or motion?
     ___ Yes  ___ No

6)   Final Result_____

7)   Date of Final Result (Attach of copy of the court's opinion or order)_____

8)    If this petition, application, or motion was brought in state court, did you appeal the result to the highest state court having jurisdiction?
      \_\_ Yes    \_\_ No

      If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)_____
      _____
      _____
      _____

9)    If you did not appeal, briefly explain why you did not_____
      _____
      _____
      _____

## 12. Other Remedies:

Describe all other procedures, such as administrative remedies, that you have utilized. List the dates when you sought each remedy, the result, and the date of that result _____
_____
_____
_____
_____

## 13. Ground(s) for Federal Habeas Corpus:

State in the following paragraph(s) every ground or reason you claim your conviction is improper or unlawful.

A.    <u>First Ground</u>

      1)    My conviction violates the constitution or laws of the United States because:_____
      <u>Petitioner was denied equal protection of the laws by the repeated</u>
      <u>coercion, intimidation and threats by the Mclean County Sherriff's</u>
      <u>Dept. which caused the accused will to be overborne, and resulted</u>
      <u>in a false self-incriminating confession.</u>
      _____
      _____

      2)    I have already raised this claim in state court.

            Direct Appeal:          \_\_ Yes    <u>X</u> No

Rev. 8/96                                        - 9 -

State Habeas Corpus:     __ Yes   __ No
State Supreme Court:     __ Yes   __ No
Other:                   __ Yes   __ No

Explain: _____

_____

**B.**   <u>Second Ground</u>

1)    My conviction violates the constitution or laws of the United States because: _____
Petitioner was denied due process and equal protection of the laws
by the State for the failure to include partial pretrial statements
given by Petitioner in Pre-Trial Discovery violating Discovery Orders.

_____

2)    I have already raised this claim in state court.

Direct Appeal:           __ Yes   __ No
State Habeas Corpus:     __ Yes   __ No
State Supreme Court:     __ Yes   __ No
Other:                   __ Yes   __ No

Explain: _____

_____

**C.**   <u>Third Ground</u>

1)    My conviction violates the constitution or laws of the United States because: _____
The State violated Petitioner's right to a fair trial by the acceptance
and condoning of perjured testimony given by alleged victim and expert
witness and the entry of falsified evidence. _____

_____

2)    I have already raised this claim in state court.

Direct Appeal:           __ Yes   __ No
State Habeas Corpus:     __ Yes   __ No
State Supreme Court:     __ Yes   __ No
Other:                   __ Yes   __ No

Explain: _____

_____

Rev. 8/96                          - 10 -

14.  If any of the grounds listed in 13A, B, or C were not previously presented in any court, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

_____

15.  Do you have any petition or appeal now pending in court, either state or federal, regarding the conviction under attack? ___ Yes    X  No

If yes, give the name of the Court and nature of proceeding: _____

_____

_____

_____

16.  **Second or Successive Petitions:**

a)  Is this a second or successive petition? (Have you previously filed a habeas petition in federal court with respect to the judgment you are currently attacking?)  Yes (x)  No ( )

b)  If yes, have you attached a copy of an Order from a three-judge panel of the court of appeals authorizing this court to consider this petition?  Yes (X)  No ( )

NOTE:  To file a second or successive petition with this court, you must first obtain an Order from a three-judge panel of the court of appeals that authorizes this court to consider this petition.  You must attach a copy of such an Order.

**Failure to attach a copy of such Order will result in automatic dismissal of this petition.**

c)  Does this second or successive habeas petition raise a claim that you have not presented in a previous petition(s)?  Yes ( )  No (x)

If no, answer the following:

(1)  Briefly explain the claim not raised in a previous petition No new claims raised
Successive refiling due to Petitioner being granted permission
to refile without prejudice, due to the 6 month waiting period
not being exhausted before first filing, due to inaccurate
filing prerequisite information given by Institutional Law
Librarians.

_____

_____

(2) Does the new claim rest on new facts that could not have previously been discovered through the exercise of due diligence; and would the facts, if proven and viewed in light of the evidence as a whole, be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found you guilty of the underlying offense? If yes, what are those facts?_____

_____Not Applicable_____

_____

_____

_____

_____

_____

(3) Does the new claim rely on a new rule of constitutional law that was previously unavailable, and which was made retroactive to cases on collateral review by the United States Supreme Court? If so, what is that rule?_____

_____Not Applicable_____

_____

_____

_____

_____

_____

## FUTURE SENTENCE

Do you have any future sentence to serve after you complete the sentence imposed by the conviction under attack? __ Yes  x No

a) If yes, give name and location of court which imposed sentence to be served in the future:___

_____

b) Give date and length of sentence to be served in the future:_____

_____

c) Have you filed, or do you contemplate filing, any petition attacking the conviction which imposed the sentence to be served in the future? __ Yes  __ No

## REQUEST FOR RELIEF

State here exactly what you want to the court to do:

A) Accept jurisdiction over this case pursuant to 28 U.S.C. §2254;

B) Require the Respondent to answer the allegations in this Petition and Following Brief in Support;

C) Hold such evidentiary hearings as this Court may deem necessary or appropriate;

D) Issue an Order that this Court will grant a Writ of Habeus Corpus unless a new trial is held within a certain amount of time, excluding the inadmissable and false evidence, and perjured testimony laid out in Brief in Support;

E) Issue a Writ of habeus Corpus freeing Petitioner from his unconstitutional confinement.

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, declare (or certify, verify, or state) under penalty of perjury, that I am the petitioner in the above action, that I have read the above petition and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C. §1621.

Signed this _16_ day of _June_ , 2005.

Signature of Petitioner

(Signature of lawyer, if any)

AO 450 (Rev. 5/85) Judgment in a Civil Case

**E-FILED**
Monday, 25 April, 2005 02:00:29 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## JUDGMENT IN A CIVIL CASE

**Micah L. Yarborough**

vs.

Case Number: **05-1091**

**Steven M. Mensing and
Attorney General of the State of Illinois**

**DECISION BY THE COURT.** This action came before the Court. The issues have been heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that Judgment is entered dismissing the Petitioner's Petition for Habeas Corpus without prejudice to refile when his state remedies have been exhausted.

ENTER this 22nd day of April, 2005

s/John M. Waters
JOHN M. WATERS, CLERK

s/R. Knox

_____
BY: DEPUTY CLERK



**E-FILED**
Friday, 22 April, 2005  03:30:25 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

MICAH L. YARBOROUGH,                    )
                                        )
      Petitioner,                       )
                                        )
v.                                      )    Case No. 05-1091
                                        )
STEVEN M. MENSING, Warden,              )
                                        )
      Respondent.                       )

## ORDER

This matter is before the Court on Petitioner Micah L. Yarborough's Petition under
28 U.S.C. § 2254 for a Writ of Habeas Corpus. For the reasons set forth below, the Petition
[#1] is DISMISSED without prejudice to refiling once all state remedies have been
exhausted.

### Background

Petitioner Micah L. Yarborough pled guilty to aggravated domestic battery on
September 14, 2004. He was sentenced in McLean County Circuit Court in Bloomington,
Illinois, to four-and-one-half years in prison. Yarborough did not appeal his conviction
because, according to his Petition, he "was not given access to his attorney or law material
in time to appeal." Further, he has not yet applied for state postconviction relief.

On February 17, 2005 Yarborough filed the Petition for Writ of Habeas Corpus now
under consideration in the U.S. District Court for the Northern District of Illinois, claiming
numerous grounds for relief. On March 21, 2005 the case was transferred to this district.
Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District
Courts, this Court has conducted a preliminary review of the Petition and concluded that

Yarborough is not entitled to relief at this time. Accordingly, the government has not been ordered to respond, and the Petition is dismissed for the following reasons.

## Discussion

Section 2254 provides that "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b). Exhaustion occurs when federal claims have been presented to the highest state court for a ruling on the merits or when the claims could not be brought in a state court because no remedies remain available at the time the federal petition is filed. Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991). Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In the case at bar, it is clear that Yarborough has failed to exhaust his available state law remedies. Yarborough was convicted on September 14, 2004. If he wished to file an appeal, he was required to do so within thirty days of conviction, which was November 14, 2004. Ill. S. Ct. Rule 604(d). Although Yarborough did not file an appeal by that date, he has other opportunities remaining for relief in state court. Section 5-122/1 of Chapter 725 of the Illinois Compiled Statutes allows a state prisoner to seek postconviction relief anytime within six months after his time for appeal has expired if he did not seek an appeal. Accordingly, he has until May 14, 2005 to seek postconviction relief pursuant to section 5-122/1. Though Yarborough's opportunities to seek postconviction relief in state court are

- 2 -

dwindling rapidly, this does not change the fact that this court cannot consider his claims until all those opportunities are exhausted. 28 U.S.C. § 2254(b)(1)(A)

## Conclusion

For the reasons set forth above, Yarborough's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is DISMISSED without prejudice to refiling when his state remedies have been exhausted.

ENTERED this 22nd day of April, 2005.

                        s/ Michael M. Mihm
                        Michael M. Mihm
                        United States District Judge

## Multi-Action Order
1:05-cv-01091-MMM Yarborough v. Mensing et al

### U.S. District Court

### Central District of Illinois

Notice of Electronic Filing

The following transaction was received from RK, ilcd entered on 4/22/2005 at 3:31 PM CDT and filed on 4/22/2005
**Case Name:**    Yarborough v. Mensing et al
**Case Number:**    1:05-cv-1091
**Filer:**
**WARNING: CASE CLOSED on 04/22/2005**
**Document Number:** 11

**Docket Text:**
ORDER dismissing without prejudice to refile when his state remedies have been exhausted Petitioner'[s [1] Petition for Writ of Habeas Corpus (2241 & 2254).Entered by Judge Michael M. Mihm on 4/22/05. (RK, ilcd)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1068668610 [Date=4/22/2005] [FileNumber=137235-0]
[335296010262cc6ebdeb4019577111fc2c47281c85d5bd328fe20d92a33009901fd0
a21cd50c7d9becebdb40b504daba1892e7d259e0fb59ad99a363d1f84164]]

**1:05-cv-1091 Notice will be electronically mailed to:**

**1:05-cv-1091 Notice will be delivered by other means to:**

Micah L Yarborough
R-34632
VC
Vandalia Correctional Center
PO Box 500
Vandalia, IL 62471

## Other Events

1:05-cv-01091-MMM Yarborough v. Mensing et al **CASE CLOSED on 04/22/2005**

### U.S. District Court

### Central District of Illinois

Notice of Electronic Filing

The following transaction was received from RK, ilcd entered on 4/25/2005 at 2:01 PM CDT and filed on 4/25/2005

**Case Name:**      Yarborough v. Mensing et al
**Case Number:**    1:05-cv-1091
**Filer:**
**WARNING: CASE CLOSED on 04/22/2005**
**Document Number:** 12

**Docket Text:**
JUDGMENT in favor of Respondent against Petitioner. (RK, ilcd)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1068668610 [Date=4/25/2005] [FileNumber=137821-0]
[3099c5132e8cc1d21b7ddc09b82b0b2baa737066569682d1cff6e0a82478a517c967
22295ee8db9d0a9c61b5de2366c42da72d492789254a8bbd718722339a30]]

**1:05-cv-1091 Notice will be electronically mailed to:**

**1:05-cv-1091 Notice will be delivered by other means to:**

Micah L Yarborough
R-34632
VC
Vandalia Correctional Center
PO Box 500
Vandalia, IL 62471