UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICAH YARBOROUGH,            )
                             )
        Petitioner,          )
                             )
    v.                       )    Case No. 05-1231
                             )
STEVEN M. MENSING, WARDEN,   )
                             )
        Respondent.          )

**O R D E R**

Before the Court is Micah Yarborough's ("Yarborough's") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By A Person in State Custody [Doc. # 1].  For the reasons that follow the Petition will be denied.

On August 14, 2004, Yarborough pled guilty to one count of Aggravated Domestic Battery in McLean County Circuit Court.  On September 14, 2004, the Honorable Elizabeth Robb sentenced him to 4 ½ years imprisonment.  Yarborough did not appeal his conviction or sentence. On February 17, 2005, Yarborough filed a section 2254 petition which was assigned to Judge Michael Mihm.  Judge Mihm dismissed that petition without prejudice because Yarborough had not exhausted his state post conviction remedies and he still had time to do so.  See Yarborough v. Mensing, No. 05-1091 (C.D.Ill. April 22, 2005) (unpublished order).  Yarborough filed the instant Petition on June 24, 2005 in the Northern District of Illinois[1]; the case was later transferred to this Court.  Yarborough has still

---

[1]Yarborough's previous petition was also originally filed in the Northern District of Illinois.

not filed for state post-conviction relief and the time for doing so has now passed.

Before reaching the merits of a petition for writ of habeas corpus brought pursuant to section 2254, a district court must consider "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his federal claims during the course of the state proceedings." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991), quoting Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988). If the answer to either of these questions is "no," then the failure to exhaust state remedies or procedural default bars the petition. See id. In other words, if a petitioner fails to give the state courts a full and fair opportunity to review his claims, then his petition must fail. See Bocian v. Godinez, 101 F.3d 465, 468-69 (7th Cir. 1996).

Exhaustion of a federal claim occurs when it has been presented to the highest state court for a ruling on the merits or when it could not be brought in state court because a remedy no longer exists when the federal petition is filed. Id. In the present case it appears Petitioner has exhausted his state remedies.

Procedural default occurs when a claim could have been but was not presented to the state court and cannot, at the time the federal petition is filed, be presented to the state court. See Resnover v. Pearson, 965 F.2d 1453, 1458 (7th Cir. 1992). This occurs in one of two ways. First, a procedural default may occur when a petitioner fails to pursue each appeal required by state law, see Jenkins v. Gramley, 8 F.3d 505, 507-08 (7th Cir. 1993); or

2

when he did not assert the claim raised in the federal habeas petition in the state court system. See Resnover, 965 F.2d at 1458-59. The second way in which a petitioner may procedurally default a claim is when a state court disposes of the case on an independent and adequate state law ground, regardless of whether that ground is substantive or procedural. See Coleman v. Thompson, 501 U.S. 722, 729 (1991).

Federal review is barred for claims that are procedurally defaulted unless the petitioner can demonstrate cause and prejudice. See Engle v. Isaac, 456 U.S. 107, 129 (1982); Farrell, 939 F.2d at 411. Review in federal court is also possible if otherwise a fundamental miscarriage of justice would occur in that a constitutional error probably resulted in the conviction of someone who is actually innocent. See Schlup v. Delo, 513 U.S. 298, 320-26 (1995).

Yarborough has not alleged any cause for defaulting his claims. Therefore, the only way he can proceed is to show a constitutional error probably resulted in the conviction of someone who is actually innocent. Yarborough's conviction was the result of a guilty plea and he has presented no evidence to suggest he is innocent of the crime to which he pled guilty. Cf. Crist v. Dolan, No. 97-4116, 1998 WL 516760 at **2 (7th Cir. 1998) (actual innocence standard not satisfied where petitioner offered no "'new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial,'" citing Schlup, 513 U.S. at 327) (unpublished disposition). Accordingly, the Court

3

finds federal review of Yarborough's claims is not available.

IT IS THEREFORE ORDERED that Micah Yarborough's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By A Person in State Custody [Doc. # 1] is DENIED.

CASE TERMINATED.

Entered this  30th  day of September, 2005.


                                                   s/ Joe B. McDade
                                                   JOE BILLY McDADE
                                      United States District Judge