FILED
OCT 0 6 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

United States District Court
Central District of Illinois

| | |
|---|---|
| In re of: | ) Case No.: **05-1231** |
| **MICAH YARBOROUGH – R34632,** | ) UNITED STATES ex rel. MICAH |
| Petitioner, | ) YARBOROUGH -v- STEVEN M. MENSING, |
| and | ) WARDEN – VANDALIA CC |
| **STEVEN M. MENSING, WARDEN, VANDALIA** | ) |
| **CORRECTIONAL CENTER,** | ) |
| Respondent | ) Honorable Joe B. McDade |

Motion to Reconsider Petition for Writ of Habeus Corpus

Petitioner comes before this Court, Pro Se, Micah Yarborough in Motion to Reconsider Petition for Habeus Corpus.  Petitioner filed for Federal Habeus Corpus relief on June 24, 2005 in the Southern District of Illinois which was later transferred to the Central District.  Petitioner's Federal Habeus Corpus filing fee of $5.00, was lost by Vandalia Correctional Center when the application was submitted.  Vandalia Correctional Center corrected this after Petitioner received notice from the Federal District Court Clerk of his failure to pay the fee.  The correspondance was sent with case # 05-453-GPM.  The Southern District transferred this case to the Central District and nothing was heard afterward.  Petitioner received no confirmation of even having a case opened.

In Petitioner's original filing on February 17, 2005 these notices were received without delay.  The Petitioner, Pro Se, should have been notified of his case number so that evidence could be entered.

Petitioner's case as a result of this break in procedure has been prematurely dismissed. Petitioner submits that evidence would have been submitted in Brief had he known that a case had even been appointed to him. The constitutional issues contained in Petitioner's Brief in Support of Writ of Habeus Corpus show a number of miscarriages of justice, by varying levels of authority. This break in communication has occurred despite Petitioner's best efforts to follow the strict protocol of filing Habeus Corpus. Further, the instructions for filing clearly state that a Brief must be submitted separately from the original application, including the case number given by the Federal District Court. Petitioner claims this crucial evidence would have been submitted had the break in communication, which Petitioner had no control over, had not occurred, and that the information within will surely have a profound effect on the decision of the Court, and the Court's view of the involved authorities' practices.

**Petitioner Respectfully Requests:**

a. that this Court reconsider his application in light of the facts presented herein;
b. that the Court issue confirmation that case has been reconsidered and;
c. that Petitioner be allowed a period of 30 days to submit his Brief in Support of Writ of Habeus Corpus

Dated this 4th day of October, 2005

X_____
Micah Yarborough, R34632
P.O. Box 500
Vandalia, IL 62471